**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VICTORIA CHARITY WHITE<br>3558 7th Street NW<br>Rochester, Minnesota 55901<br><br>                          Plaintiff,<br><br>          v.<br><br>ROBERT J. CONTEE III<br>Chief of the Metropolitan Police Department<br>441 4th Street, NW, 7th Floor<br>Washington, DC 20001<br><br>          and<br><br>OFFICER JOHN DOE 1 (a/k/a "Officer Whiteshirt")<br>Metropolitan Police Department<br>441 4th Street, NW, 7th Floor<br>Washington, DC 20001<br><br>          and<br><br>OFFICERS JOHN DOES 2-7<br>Metropolitan Police Department<br>441 4th Street, NW, 7th Floor<br>Washington, DC 20001<br><br>          and<br><br>DISTRICT OF COLUMBIA<br>*A Municipal Corporation*<br>441 Fourth Street, N.W.<br>Washington, D.C. 20001<br><br>          <u>Serve</u> for all Defendants:<br>          Karl A. Racine, Esq.<br>          Attorney General of the District of Columbia<br>          400 6th Street, NW, Washington, DC 20001<br>          Phone: (202) 727-3400<br><br>                          Defendants. | **CIVIL**<br>**COMPLAINT**<br><br><br>Civil Action No.<br><br>_____<br><br><br><br>**TRIAL BY JURY**<br>**REQUESTED** |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND PHYSICAL ASSAULT**

## I.      INTRODUCTION

1.      This lawsuit, brought under the Civil Rights Act 42 USC 1983, seeks money damages for the violations of the rights of Victoria Charity White under the Fourth, Fifth Eighth and Fourteenth Amendments to the Constitution for unreasonable seizure/excessive force and violations of Due Process which shock the conscience, as well as claims brought under the laws of the District of Columbia, including common law claims for negligence, negligence per se, assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress when she was severely beaten with a metal baton approximately 35 times and punched in face five times at the U.S. Capitol on January 6, 2021, by a Metropolitan Police Officer believed to be a lieutenant, aided and abetted by other police officers.

## II.     JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction, 42 U.S.C. 1983, and 28 U.S.C. § 1332 (Diversity Jurisdiction) because the amount in controversy exceeds $75,000 and there is complete diversity amongst the parties.

3.      This Court has supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367.

4.      Jurisdiction is also proper under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), in so far as the actions violate the 1st, 4th, 5th, and 14th Amendments to the U.S. Constitution.

5.      To the extent that the District of Columbia and/or its Metropolitan Police Department are governed by the Federal Government, this Court also has jurisdiction under 28

U.S.C. § 2680(h).


6.      Venue is proper pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391(b)(2), (3) a

substantial part of the events or omissions giving rise to the claims occurred in this judicial

district and Defendants are subject to personal jurisdiction in this District.

III.    PARTIES

### Plaintiff

7.      Victoria White ("White") is an individual, natural person, who at all material

times was and is a citizen of the State of Minnesota.

### Defendants

8.      Defendant ROBERT J. CONTEE III is Chief of the Metropolitan Police

Department who is the supervisor and superior of the police officers of the Metropolitan Police

Department of the District of Columbia who physically assaulted the Plaintiff.

9.      Defendant Officer John Doe 1, as captured and recorded on video, is a police

officer of the Metropolitan Police Department of the District of Columbia, who according to his

different uniform (a white shirt) on information and belief is a supervisory officer heading a team

of police officers, and who physically assaulted the Plaintiff on January 6, 2021.

10.     Defendants OFFICERS JOHN DOES 2-7, , as captured and recorded on video, is

a police officer of the Metropolitan Police Department of the District of Columbia, participated

with, conspired to, and aided and abetted Defendant Officer John Doe 1 in physically assaulting

the Plaintiff, standing shoulder to shoulder at that time with Officer John Doe 1.

11.      Defendant District of Columbia is a municipal corporation constituting the city

government of Washington, D.C.

**Diversity of Citizenship**

12.     The Plaintiff Victoria White is a citizen and resident of Minnesota

13.     The Defendants are residents of the District of Columbia or neighboring States Virginia or Maryland, and commute to work within the Metropolitan Police Department of the District of Columbia.

14.     There is complete diversity of citizenship between the Plaintiff (that is, all Plaintiffs, being one in number) and all Defendants.

**IV.     STANDING**

15. Plaintiff has standing to bring this action because she has been directly affected, harmed, and victimized by the unlawful conduct of the Defendants complained herein.

16. The Plaintiffs injuries were proximately caused by the conduct of Defendants, each and every one of them, jointly and severally.

**V.     FACTS COMMON TO ALL COUNTS**

17. On January 6, 2021, Plaintiff was engaged in protected speech and/or activity and peaceful assembly by peacefully protesting at the U.S. Capitol building.

18. As a direct and proximate result of Plaintiff exercising her First Amendment rights, Plaintiff was (1) beaten,  (2) assaulted, (3) battered, (4) physically abused, (5) subjected to false imprisonment by being grabbed and prevented from escaping physical abuse and punishment without probable cause or just reason.

19. Plaintiff did not harm, threaten, or pose any threat to any federal or state agent while exercising her First Amendment and other rights.

20. The U.S. Capitol Police issued six (6) permits for six (6) different demonstrations on

the grounds of the U.S. Capitol to be held on January 6, 2021.

21. However, the U.S. Capitol Police did not provide any signage or guidance to direct would-be participants in the permitted demonstrations where to go to participate in the permitted demonstrations

22. The numbers of people visiting and demonstrating at and around the U.S. Capitol obscured and overwhelmed the plans for permitted demonstrations on the U.S. Capitol grounds.

23. For whatever reason(s), enormous crowds, some believing they were authorized to demonstrate on the U.S. Capitol grounds under permits issued by the U.S. Capitol Police, congregated instead around the building.

24. The U.S. Capitol is one of the most publicly-accessible government buildings in the world, treated as a museum and an attraction for citizens interested in their government and/or interested as tourists.

25. The Government asserts that the U.S. Capitol is "secured" 24 hours a day – which is no different as it is phrased than any government or commercial building, such as the National Air and Space Museum or a department store, because "secured" does not mean "closed."

26. The U.S. Capitol building does not display permanent signs notifying citizens from around the country that sometimes the normally-public building might be restricted or closed.

27. On January 6, 2021, the U.S. Capitol Police Board caused temporary signs made of paper or thin plastic about 8 inches by 12 inches attached to bike-rack barricades and fencing.

28. However, after those flimsy temporary signs attached to bike-rack barricades were removed by others, laid flat on the ground where they could not be seen or moved out of the path of crowds, the Plaintiff and others followed crowds of people unaware that the normally public building had been restricted.

29. The following facts occurred at the time noted based on video recordings that was under seal until the Government was forced to release it by order of this Court.

30. Plaintiff is seen on video on the Capitol steps telling the protestors NOT to enter the Capitol or cause a disruption.   See:  https://youtu.be/KhrEWU63nmM

31. Shortly thereafter Plaintiff is pushed by the crowd into the arched tunnel, being the entrance to the building on the West side of the U.S. Capitol building, in the center viewed left (North) to right (South) on the lower terrace, whereupon  the following unlawful conduct by the Defendants took place:

32. This video can be seen among other places at:  https://rumble.com/vs0kc3-victoria-white-attempts-to-stop-protesters-from-breaking-window.html

33. Plaintiff incorporates said video by reference into this Complaint as a factual exhibit as if fully set forth herein, and relies upon the substance and details of the Defendant's conduct as among her factual allegations upon which she brings this Complaint.

34. The video records the brutal assault, battery, and physical abuse of the Plaintiff by some of the Defendants for which other Defendants share responsibility and liability.

35. Officer John Doe 1 wearing a white shirt is designated on information and belief as a Lieutenant, Lt., other officers are described as John Does 2-7Does 2-7.

 4:07:01:  Lt. hits Ms. White in the head with his baton five times in seven seconds.  The first blow knocks her MAGA hat off her head;

4:07:11    Lt. hits Ms. White over the head two times and then spears her with the baton two times;

4:07:24:    Ms. White is sprayed directly in the fact by officer on ledge. Ms. White pleads with him to stop;

4:07:30    Ms. White is maced and hit by White-shirt and ledge officer;

4:07:38    Ms. White is visibly bleeding head, which can be seen on the white hoody;

4:07:45    Ms. White is stuck and cannot go anywhere;

4:07:54    Another MPDC Officer pulls Mr. White's hair back and forth;

4:08:17    Lt. moves his way from the back, targets Ms. White and begins another assault.
Lt. hits Ms. White approximately 10 more times.

4:08:30    Lt spears and pokes Ms. White his baton about the head, neck, and face so as to inflict maximum pain;

4:08:46    Lt beats the Ms. White with his baton striking directly over the head another ten times and then punches White;

4:09:10    Another MPDC Officer holds white and prevents her from leaving;

4:09:13    Lt. punches Ms. White in the face, with his left-hand, landing five punches in five seconds, with all of his might, while she is being held by another officer;

4:09:35    Another officer joins in and starts beating Ms. White in the head with his baton, landing twelve strikes directly to her face;

2:10:42    Ms. White is visibly in distress.

4:10:50    Ms. White collapses twice after being tossed around like a rag doll

4:11:03    Ms. White attempts to flee the tunnel and is ripped back by an MPDC officer

4:11:06    Lt. attacks Ms. White as she tries to flee striking her in the face

with his baton

4:11:17    Lt. spears Ms. White in the face

4:11:20    Ms. White collapses in a cloud of mace

4:11:25    Ms. White is dragged to the back of the tunnel

4:11:36    Ms. White crosses the threshold of the tunnel into the interior of
the Capitol in MPDC custody

4:16:58    Ms. Whit is walked past the South Crypt

4:19:42    Ms. White is walked past the Memorial Door

4:48:24    Ms. White is walked past the House Wing Door

4:48:46    Ms. White is walked past the Hall of Columns South Door

4:49:06    Ms. White is walked past the East Stairs

4:51:41    Ms. White is walked past the UL Atrium

4:53:32    Ms. White is walked past the SL Capitol Detail Door

6:01:25    Ms. White is walked into HQOB South Door Prisoner Process

6:02:14    Ms. White is sitting in a holding cell in HQOB Prisoner
Processing

6:29:53    Ms. White is seen in the prisoner process hallway dabbing
blood off of her head.  Female Officer: "OMG you are bleeding
from your head."

6:56:06    Ms. White is being processed out of the holding cell

6:56:51    Ms. White is walked out of HQOB South Door Prisoner Process
and left out side of the door without shoes or a coat

6:58:51    Ms. White asks a protestor to use his phone

7:02:24    Ms. White is shivering in the cold by the South Prisoner Door
without shoes or a jacket

7:04:16    Shoeless and without a jacket, Ms. White is given a plastic sheet
to wear and is discharged after being told he can wait to be

processed or leave

36. As shown in the video and alleged herein, the Defendants present on the scene physically beat the Plaintiff.

37. For further information and allegations about Plaintiff's beating by the Defendants, see December 23, 2021, interview with Victoria White and Joseph McBride on The Greg Kelly Show of Newsmax.  https://youtu.be/KhrEWU63nmM

38. As shown in the video and alleged herein, the Defendants present on the scene knew that the Plaintiff could not retreat from their repeated assault and battery upon her because of the crush of the crowd behind her outside of the arched tunnel entrance.

39. As shown in the video and alleged herein, at one point Plaintiff was able to break free from the physical assault and battery upon her, but the Defendants present on the scene grabbed her and pulled her back into the arched tunnel entrance, prevent her escape, and held her captive while continuing to physically beat, batter, and assault the Plaintiff.

40. Plaintiff possessed the clearly established right under the Fourth Amendment, Fifth Amendment, Eight Amendment, and Fourteenth Amendment to the Constitution and its Due Process requirements to bodily integrity and to be free from excessive force by law enforcement.

41. Any reasonable person knew or should have known of these rights at the time of the conduct complained herein insofar as they were clearly established at that time; especially to Defendants as sworn law enforcement officers.

42. The Defendants unlawfully seized Plaintiff by means of objectively unreasonable, excessive and physical force that shocks the conscience, thereby unreasonably

restraining and depriving Plaintiff of their freedom.

43. None of the Defendants engaged in reasonable steps to protect Plaintiff from the objectively unreasonable and conscience-shocking excessive force. They are therefore, each and every one of them, liable for the injuries and damages resulting from the objectively unreasonable and conscience-shocking force committed by each one separately and in concert.

44. The Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff federally protected constitutional rights.

45. Plaintiff was eventually indicted on April 8, 2021, for allegedly unlawful entry to Capitol and other charges but the Government did not seek pretrial detention.

46. Plaintiff's trial has not yet been scheduled.

## FIRST CAUSE OF ACTION
### *Violation of Fourth, Fifth, Fourteenth Amendment and Due Process Rights*

47. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and affect, as if fully set forth herein again at length.

48. 42 U.S.C. § 1983 provides in pertinent part that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

49. At the time of the events complained herein, Plaintiff possessed the clearly established constitutional right to be free from physical violence, physical abuse, terrorizing, intimidation, fright from assault, and false imprisonment or kidnapping

10

violating the right of liberty and travel, excessive force, and the like.

50. The Defendants were at all times relevant to this Complaint acting under color of state law, on duty within the terms of their employment and assignment, and not on a lark or detour from their employment and assigned duties, but abusing their positions and offices in violation of the Plaintiff's rights.

51. The Defendants formed a retaliatory motive and beat the Plaintiff because she was exercising her First Amendment rights demonstrating at the U.S. Capitol.

52. The Defendants, acting in concert jointly and severally, possessed a retaliatory motive.

53. The violations of Plaintiff's liberty interest and freedom from bodily injury by the Defendants are compensable under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, attorneys' fees, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them.

## SECOND CAUSE OF ACTION
### *Civil Action for Deprivation of Rights*
### *Against All Named Defendants*
### 42 U.S.C. § 1983 – Excessive Force in Violation of Fourth Amendment

54. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and affect, as if fully set forth herein again at length.

55. At the time of the events complained herein, Plaintiff possessed the clearly established constitutional right to be free from physical violence, physical abuse,

terrorizing, intimidation, fright from assault, and false imprisonment or kidnapping violating the right of liberty and travel, excessive force, and the like.

56. The Defendants were at all times relevant to this Complaint acting under color of state law, on duty within the terms of their employment and assignment, and not on a lark or detour from their employment and assigned duties, but abusing their positions and offices in violation of the Plaintiff's rights.

57. All Defendants acted in concert to unlawfully institute, conduct and continue physical battery and physical abuse of the Plaintiff as pled in detail herein.

58. 42 U.S.C. § 1983 provides in pertinent part that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

59. The Defendants did so with shocking and willful indifference to Plaintiff rights, and in doing so exhibited conscious awareness that they would cause Plaintiff severe physical and emotional injuries or even death.

60. The acts or omissions of all Defendants were moving forces behind Plaintiff injuries.

61. These Defendants acted in concert and jointly in a conspiracy with each other.

62. The acts of omissions of the Defendants as described herein intentionally deprived Plaintiff of their constitutional rights and caused them other damages.

63. These Defendants are not entitled to any immunity for the conduct complained herein.

64. A jury acquitted both Plaintiff summarily in record time.

65. The Defendants to this claim at all times relevant hereto were acting as part of a

conspiracy, in concert, jointly and severally, pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

66. As a proximate result of the Defendants' unlawful conduct, Plaintiff has suffered actual and physical and emotional injuries, and other damages and losses entitling them to compensatory and special damages, in amounts to be determined at trial.

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, attorneys' fees, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them.

### THIRD CAUSE OF ACTION
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**42 U.S.C. § 1983 – Retaliation in Violation of the Fifth Amendment**

67. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

68. At the time of the events complained herein, Plaintiff possessed the clearly established constitutional right to be free from physical violence, physical abuse, terrorizing, intimidation, fright from assault, and false imprisonment or kidnapping violating the right of liberty and travel, excessive force, and the like.

69. The Defendants were at all times relevant to this Complaint acting under color of state law, on duty within the terms of their employment and assignment, and not on a lark or detour from their employment and assigned duties, but abusing their positions and offices in violation of the Plaintiff's rights.

70. As a proximate result of the Defendants' unlawful conduct, Plaintiff has suffered actual and physical and emotional injuries, and other damages and losses entitling them to compensatory and special damages, in amounts to be determined at trial.

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, attorneys' fees, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them.

### FOURTH CAUSE OF ACTION
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**42 U.S.C. § 1983 –Violation of the Fifth Amendment**

71. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

72. At the time of the events complained herein, Plaintiff possessed the clearly established constitutional right to be free from physical violence, physical abuse, terrorizing, intimidation, fright from assault, and false imprisonment or kidnapping violating the right of liberty and travel, excessive force, and the like.

73. At the time of the events complained herein, Plaintiff possessed the clearly established constitutional right to be free from physical violence, physical abuse, terrorizing, intimidation, fright from assault, and false imprisonment or kidnapping violating the right of liberty and travel, excessive force, and the like.

74. The Defendants were at all times relevant to this Complaint acting under color of state law, on duty within the terms of their employment and assignment, and not on a

14

lark or detour from their employment and assigned duties, but abusing their positions and offices in violation of the Plaintiff's rights.

75. Any reasonable person knew or should have known of these rights at the time of the complained of conduct insofar as they were clearly established at that time; especially to the Defendants as sworn law enforcement officers.

76. All Defendants acted in concert to unlawfully institute, conduct and continue physical battery and physical abuse of the Plaintiff as pled in detail herein.

77. The Defendants engaged in the conduct described by this Complaint willfully, deliberately, maliciously, in bad faith, and in reckless disregard of Plaintiff federally protected constitutional rights.

78. The acts or omissions of all the Defendants were moving forces behind Plaintiff injuries.

79. All Defendants acted in concert as part of the conspiracy to deprive Plaintiff of her civil rights.

80. The acts or omissions of the Defendants as described herein intentionally deprived Plaintiff of her constitutional and statutory rights and caused other damages.

81. The Defendants are not entitled to any immunity for the conduct complained herein.

82. The Defendants to this claim were, at all times relevant hereto, acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

83. As a proximate result of the Defendants' unlawful conduct, Plaintiff has suffered actual and physical and emotional injuries, and other damages and losses entitling them to compensatory and special damages, in amounts to be determined at trial.

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, attorneys' fees, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them.

### FIFTH CAUSE OF ACTION
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in Violation of the Fourteenth, and First Amendments and in Violation of 42 U.S.C. § 1981**

84. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

85. Plaintiff possessed the following clearly established rights, guaranteed to them by the Constitution of the United States, at the time of the conduct complained herein:

86. The right to bodily integrity and to be free from excessive force by law enforcement under the Fourth Amendment, Fourteenth Amendment; Fifth Amendment and Due Process requirements of the U.S. Constitution.

87. The right to be free from malicious prosecution under the Fourteenth Amendment.

88. The Defendants knew or should have known of these rights at the time of the complained conduct insofar as they were clearly established at that time, especially to Defendants as sworn law enforcement officers.

89. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of her constitutional and statutory rights and caused them other damages.

90. The Defendants are not entitled to any immunity for the conduct complained herein.

91. The Defendants developed and maintained policies, procedures, customs, and/or

practices exhibiting deliberate and willful indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff constitutional and federal rights as set forth herein, and in the other claims, which resulted from a conscious and deliberate choice to follow a course of action from among various alternative courses of conduct available.

92. The Defendants, each and every one of them, acting in concert, jointly and severally, created and have unlawfully tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, and practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public generally.

93. All Defendants acted in concert as part of the conspiracy to deprive Plaintiff of her civil and constitutional rights.

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them.

## SIXTH CAUSE OF ACTION
### *Battery by Officers John Doe 1 and John Does 2-7*

94. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

95. The Defendants present on the scene committed physical battery and physical harm upon the Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, attorneys' fees, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them.

## SEVENTH CAUSE OF ACTION
### *Excessive Force by Officers John Doe 1 and John Does 2-7*

96. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

97. The Defendants present on the scene committed excessive force prohibited under D.C. law with regard to the permissible conduct of law enforcement.

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, attorneys' fees, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them.

## EIGHTH CAUSE OF ACTION
### *Assault by Officers John Doe 1 and John Does 2-7*

98. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

99. The Defendants present on the scene placed the Plaintiff in apprehension, fright, and intimidation of immediate physical bodily harm.

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, attorneys' fees, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them.

## NINTH CAUSE OF ACTION
### *False Imprisonment by Officers John Doe 1 and John Does 2-7*

100.    Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

101.    By physically grabbing and restraining the Plaintiff, preventing her from leaving the area and escaping from physical injury, and pulling her back in toward the Defendants, the Defendants on the scene committed the common law tort of false imprisonment.

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, attorneys' fees, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them.

## TENTH CAUSE OF ACTION
### *False Arrest by Officers John Doe 1 and John Does 2-7*

102.    Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

103.    By physically grabbing and restraining the Plaintiff, preventing her from leaving the area and escaping from physical injury, and pulling her back in toward the Defendants, the Defendants on the scene committed the common law tort of false arrest.

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, attorneys' fees, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them.

## ELEVENTH CAUSE OF ACTION
### *Intentional Infliction of Emotional Distress*
### *by Officers John Doe 1 and John Does 2-7*

104.    Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

105.    The Defendants on the scene intentionally, knowingly, and deliberately  subjected the Plaintiff to emotional distress.

## TWELFTH CAUSE OF ACTION
### *Negligent Infliction of Emotional Distress*
### *by Officers John Doe 1 and John Does 2-7*

106.    Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

107.    The Defendants on the scene negligently subjected the Plaintiff to emotional distress.

108.    WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, attorneys' fees, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them.

## RESPONDEAT SUPERIOR LIABILTY AS TO ALL COUNTS

109.    Defendant D.C. is jointly and severally liable under the doctrine of *respondeat superior* for the aforementioned tortious acts and omission of John Does 1-7.

**VI.    PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, in an aggregate amount of $1,000,000.00, as may be proven at trial, attorneys' fees, costs, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them, against the Plaintiff.

## DEMAND FOR JURY TRIAL

**Plaintiff demands a trial by jury on all counts as to all issues so triable.**

Dated:  January 5, 2022

Respectfully Submitted,

 /s/ **Jonathon Moseley**
_____
USDCDC Bar No. VA005
Virginia State Bar No. 41058

Mailing address only:
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
Telephone:  (703) 656-1230
Contact@JonMoseley.com
Moseley391@gmail.com

Respectfully Submitted,

 /s/ **Joseph D. McBride, Esq.**
_____

Mr. Joseph D. McBride, Esq.
THE MCBRIDE LAW FIRM, PLLC
Attorneys for the Defendant
99 Park Avenue, 6th Floor
New York, NY 10016
*Phone:* (917) 757-9537
*Email:*  jmcbride@mcbridelawnyc.com


Respectfully Submitted,

 /s/ **Paul D. Kamenar, Esq.**
_____

Mr. Paul D. Kamenar, Esq.
DC Bar 914200
1629 K Street, N.W., Suite 300
Washington, D.C. 20006
Phone: (301) 257-9435
paul.kamenar@gmail.com