UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTORIA CHARITY WHITE,

    *Plaintiff*,

    v.

ROBERT J. CONTEE III, *et al.*,

    *Defendants*.

Civil Action No. 1:22-cv-00027-TSC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DISTRICT OF COLUMBIA AND ROBERT J. CONTEE'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, MOTION FOR PARTIAL SUMMARY JUDGMENT**

This case stems from events on January 6, 2021, on the grounds of the United States Capitol (Capitol).  Plaintiff, who claims she was engaged in protected speech and peaceful assembly while protesting at the Capitol, sues the District of Columbia (the District), the Chief of Metropolitan Police Department (MPD) Robert J. Contee (Chief Contee), and seven "John Doe" MPD Officers for their actions protecting the Capitol that day.  But her Complaint is riddled with deficiencies.  *First,* Plaintiff failed to properly serve Chief Contee with process.  Even if service of process were proper, her claims against Chief Contee fail because she improperly relies on a *respondeat superior* theory to hold him liable for the alleged misconduct of the "John Doe" Defendants.  *Second*, Plaintiff's Fifth, Eighth, Fourteenth Amendment, and 42 U.S.C. § 1981 claims are each inapplicable to the alleged wrongdoing described in her Complaint.  *Third*, for her remaining First and Fourth Amendment claims against the District, Plaintiff fails to state a claim for municipal liability under Section 1983 against the District.  Finally, the District is

entitled to summary judgment on Plaintiff's common law claims for her failure to comply with the mandatory notice requirements of D.C. Code § 12-309.

Thus, as demonstrated below, Chief Contee is entitled to dismissal of all claims against him, and the District is entitled to dismissal of all federal claims and summary judgment as to all of Plaintiff's common law.

**FACTUAL ALLEGATIONS**

The essence of Plaintiff's Complaint is that on January 6, 2021, she engaged in protected speech and peaceful assembly at the Capitol, and in response to this exercise of her First Amendment rights, she was " (1) beaten, (2) assaulted, (3) battered, (4) physically abused and (5) subjected to false imprisonment by being grabbed and prevented from escaping physical abuse and punishment without probable cause or just reason" by the John Doe Defendants. Compl. at ¶¶ 17-18.

Plaintiff's lawsuit alleges a series of constitutional and common law violations naming as defendants the District, Chief Contee, Officer John Doe 1, and Officers John Does 2-7.  *See* Compl. at ¶¶ 8-11. Specifically, Plaintiff brings the following claims against all Defendants: violation of Fourth, Fifth, Fourteenth Amendment, and due process rights (Count I); excessive force in violation of Fourth Amendment (Count II), retaliation in violation of the Fifth Amendment (Count III), violation of Fifth Amendment (Count IV), deliberately indifferent policies, practices, customs, training, and supervision in violation of the Fourteenth and First Amendments and in Violation of 42 U.S.C. § 1981 (Count V); and common law claims for Battery (Count VI), Excessive Force (Count VII), Assault (Count VIII), False Imprisonment (Count IX), False Arrest (Count X), Intentional Infliction of Emotional Distress (IIED) (Count XI), and Negligent Infliction of Emotional Distress (NEID) (Count XII) against Officers John

Doe 1 and John Does 2-7.  *See* Compl. at ¶¶ 47-108.  Plaintiff also alleges that "[the District] is jointly and severally liable under the doctrine of respondeat superior for the aforementioned tortious acts and omission of John Does 1 -7."  *Id*. at ¶ 109.

## LEGAL STANDARD

I. **Fed. R. Civ. P. 12(b)(5).**

A motion to dismiss under Rule 12(b)(5) is appropriate when the requirements for service of a Rule 4 summons bringing a party under the court's jurisdiction are not satisfied.  *See Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002); *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987); *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 87 (D.D.C. 2004).  "A summons must," among other things, "name . . . the parties," "be directed to the defendant," and "be served with a copy of the complaint."  Fed. R. Civ. P. 4(a)(1)(A) to (B), (c)(1).  Service is completed on an individual by (a) "following [District] law for serving a summons [and complaint] in an action brought in" the Superior Court of the District of Columbia; or (b) personal service of each on an individual, "leaving a copy of each at the individual's" home, or "delivering a copy of each to an [authorized] agent."  Fed. R. Civ. P. 4(e)(1) to (2); *see* Fed. R. Civ. P. 81(d)(2).

Defenses for "insufficient process" and "insufficient service of process" are waived if "omitted from [a defendant's] earl[iest] motion" under Rule 12.  Fed. R. Civ. P. 12(b)(4) to (5), (g)(2); *see* Fed. R. Civ. P. 12(h)(1).  A party may join a motion for failure to state a claim to a motion challenging service for the Court's immediate review.  *See* 28 U.S.C. § 1915(e)(2); Fed. R. Civ. P. 12(a)(4), (b)(6), (g)(1), (h)(2).

**II.     Fed. R. Civ. P. 12(b)(6).**

Rule 8(a)(2) requires a complaint make "a short and plain statement of the claim showing that the pleader is entitled to relief . . . in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Complaints that merely offer "[t]hreadbare recitals of the elements of a cause of action," "labels and conclusions," or "naked assertions devoid of further factual enhancement" do "not do." *Id.* (internal brackets and quotation marks omitted).

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).  A claim is facially plausible only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A complaint alleging facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (brackets omitted).

**III.    Motion for Summary Judgment**

Under Rule 56, a court should "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party has the initial burden of proving the lack of a

4

genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden is met, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). Although the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, the "mere existence of a scintilla of evidence in support of" the non-moving party is "insufficient" to stave off summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The non-moving party must adduce "evidence on which the jury could reasonably find for" it at trial. *Id.* And a party may move "for summary judgment *at any time*," including at the beginning of a case before discovery has begun. Fed. R. Civ. P. 56(b) (emphasis added); *see also Parker v. Hoglander*, 2016 WL 3527014, at *3-4 (D.D.C. June 23, 2016). This standard solely applies to the District's alternative argument related to Plaintiffs' failure to comply with the mandatory notice requirements of D.C. Code § 12-309.

## ARGUMENT

### I. All Claims Against Chief Contee Should Be Dismissed.

#### A. Chief Contee Was Not Served With The Complaint.

Plaintiff asserts that she sent Chief Contee a copy of the summons and complaint "postage prepaid, return receipt requested, restricted delivery" signed for by Monica Campbell. *See* Aff. of Service [10, 10-1]. Plaintiff, however, does not claim that Monica Campbell is an agent of Chief Contee. *See* Fed. R. Civ. P. 4(e); *cf.* Fed. R. Civ. P. 81(d)(2); Super. Ct. Civ. R. 4(e)(2)(C), 4(l)(B)(iv); Aff. of Service [10, 10-1]. And Monica Campbell cannot accept service on behalf of Chief Contee. *See* Quon Hyden Decl. ¶ 5, attached as Exhibit A. Because Plaintiff

5

did not properly serve him within 90 days after filing her complaint, the Court should dismiss Plaintiff's Complaint against Chief Contee.  *See* Fed. R. Civ. P. 4(m).

### B. Plaintiff Improperly Seeks To Hold Chief Contee Liable For The Alleged Misconduct of his Subordinates.

Furthermore, even if Chief Contee were properly served, Plaintiff's claims against him fail for failure to state a claim upon which relief can be granted.  Although Plaintiff has named Chief Contee as a defendant in her action, Compl. at ¶ 8, she fails to mention Chief Contee anywhere else in her 22-page Complaint and attributes no specific acts of constitutional violation or common law tortious conduct to the Chief.  Nor does Plaintiff allege the Chief had any role in the circumstances that gave rise to her claims. Thus, Plaintiff fails to allege facts that plausibly give rise to any claim against Chief Contee.  *See International Action Center v. United States*, 365 F.3d 20, 27-28 (D.C. Cir. 2004) ("The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.").

Plaintiff cannot impose liability upon Chief Contee for the purported conduct of the John Doe Defendants based on respondeat superior liability.  "High-level public officials, are not employers of their subordinates but rather are fellow governmental servants, and it thus is inappropriate to hold them liable on the basis of respondeat superior liability."  *Haynesworth v. Miller*, 820 F.2d. 1245, 1259 (D.C. Cir. 1987); *Eskridge v. Jackson*, 401 A.2d 986, 989 (D.C. 1979); *see also Turner v. District of Columbia*, 532 A.2d 662, 675 (D.C. 1987) (affirming the dismissal of a complaint against the Mayor of the District of Columbia and the Chief of Child Protective Services because "[t]he complaint alleged no facts suggesting personal involvement in [that] case by either" individual).  As a result, the Court should dismiss the Complaint as to Chief Contee with prejudice.

## II. Plaintiff Failed To Properly Allege A Section 1981 Claim Against The District

In Count V Plaintiff alleges her rights were violated because of "Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision. . . in Violation of 42 U.S.C § 1981." Compl. at 16. Section 1981, however, protects only the right "to make and enforce contracts" irrespective of race. 42 U.S.C. § 1981(a); *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006). Nowhere does the Complaint allege that Plaintiff's right to enter into contracts was violated based on her race. *See generally* Compl. Plaintiff's Section 1981 claim should therefore be dismissed.

## III. All Plaintiff's Section 1983 Claims Against the District Fail.

### A. Plaintiff's Eighth Amendment Claim Fails

Although Plaintiff makes two vague references to the Eighth Amendment in her complaint, Compl. at ¶¶ 1, 40, she does not specifically tie these references to any cause of action. But it is "well-settled law, the [Eighth] Amendment's prohibition [against cruel and unusual punishment on prison inmates] applies only to persons who are subject to 'punishment' by the government, which the Supreme Court has defined to mean persons against whom the government 'has secured a formal adjudication of guilt in accordance with due process of law.'" *Powers-Bunce v. District of Columbia*, 479 F. Supp. 2d 146, 153 (D.D.C. 2007) (quoting *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979)). Because Plaintiff was not a sentenced prisoner at the time of her allegations, the Court should dismiss any Eighth Amendment claims.

### B. Plaintiff Cannot Bring a Fourteenth Amendment Claims Against the District.

The Fourteenth Amendment was held to be inapplicable to the District 58 years ago. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). The District of Columbia is a political entity created by the federal government, and thus it is subject to the restrictions of the Fifth

Amendment, not the Fourteenth. *Propert v. District of Columbia*, 948 F.2d 1327, 1330 n. 5 (D.C. Cir. 1991). The Court should therefore dismiss all of Plaintiff's Fourteenth Amendment Claims against the District.

### C. **Plaintiff's Fifth Amendment Claims Should Be Dismissed.**

Plaintiff alleges that the District is liable under the Fifth Amendment because she was a victim of excessive force while the officers falsely imprisoned her. Compl. ¶ 18. Specifically, she alleges that she was held captive by the officers while they beat her. *Id.* ¶ 39. She also states that the officers unlawfully seized her through unreasonable force. *Id.* ¶ 42. But the Fifth Amendment's Due Process Clause does not apply to any claim that law enforcement officer used excessive force during a detention. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Rather, it is the Fourth Amendment that applies to constitutional claims involving excessive force. *Id*. As a result, Counts III-V should be dismissed. *See also Goolsby v. District of Columbia*, 317 F. Supp. 3d 582, 590 (D.D.C. 2018) (claim that officers used excessive force during a detention is properly brought under Fourth Amendment not Fifth Amendment); *Lyles v. Micenko*, 468 F. Supp. 2d 68, 72-74 (D.D.C. 2006) (constitutional claims involving illegal detention and excessive force properly analyzed under Fourth not Fifth Amendment).

Plaintiff also brings what she terms a Fifth Amendment "retaliation" claim against the District. Compl. Count III. Although the complaint is silent on specific allegations involving this claim for relief, presumably Plaintiff alleges that the officers violated her Fifth Amendment rights in retaliation for her exercise of het First Amendment rights. Assuming so, the First Amendment rather than the Fifth Amendment is the proper avenue to raise such a claim. *See Hartman v. Moore*, 547 U.S. 250, 256 (2006) ("the law is settled that as a general matter *the First Amendment* prohibits government officials from subjecting an individual to retaliatory

actions.") (citing *Crawford–El v. Britton*, 523 U.S. 574, 592, (1998) (emphasis added)). Plaintiff therefore cannot bring a separate retaliation claim under the Fifth Amendment. *See Graham* 490 U.S. at 395 (declining to analyze a claim brought under the Fifth Amendment when a different Amendment afforded the protection sought).

### D. **Plaintiff's First and Fourth Amendment Claims Against the District Fail.**

Plaintiff has failed to adequately plead municipal liability under Section 1983 against the District. To start, Plaintiff incorrectly seeks to hold the District liable for constitutional violations pursuant to 42 U.S.C. § 1983 "under the doctrine of respondeat superior for the . . . tortious acts and omission of John Does 1 -7." Compl. at ¶ 47-83; 109. This she cannot do. It is now black letter law that municipalities are not vicariously liable through *respondeat superior* for the constitutional torts of their employees. *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691-95 (1978). Instead, "municipalities are liable for their agents' constitutional torts only if the agents acted pursuant to municipal policy or custom." *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004).

Thus, to hold the District liable for constitutional violations, Plaintiffs must allege facts establishing either (1) "the explicit setting of a policy by the government that violates the Constitution," (2) "[t]he action of a policy maker with the government," (3) "the adoption through a knowing failure to act by a policy maker of actions by his subordinates that are so consistent that they have become custom," or (4) "the failure of the government to respond to a need (for example, training of employees) in such a manner as to show deliberate indifference to the risk that not addressing the need will result in constitutional violations." *Singletary v. District of Columbia*, 766 F.3d 66, 73 (D.C. Cir. 2014); *Baker v. District of Columbia,* 326 F.3d 1302, 1306 (D.C. Cir. 2003).

Here, Plaintiff seeks to hold the District liable for a constitutional violation under the following fourth theory of liability:

> The Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate and willful indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff constitutional and federal rights as set forth herein, and in the other claims, which resulted from a conscious and deliberate choice to follow a course of action from among various alternative courses of conduct available. . . . The Defendants . . . created and have unlawfully tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, and practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff"

Compl. at ¶ 91-92.

These conclusory allegations, without more, do not satisfy Plaintiff's pleading obligations. The Complaint lacks factual allegations that plausibly support entitlement to relief as to the constitutional claims. *See Iqbal*, 556 U.S. at 678. For instance, Plaintiff provides no facts to demonstrate that the District did indeed know about the allegedly odious "policies, procedures, customs, and/or practices" or even identify with specificity any policy, procedure, custom, or practice to which she refers. *See generally* Compl. Nor does she provide any explanation about any training, or lack thereof, that caused the risk of threats to constitutional rights. *Id*.

As is the case here, a pleading that offers "labels and conclusions" or merely a formulaic recitation of the elements of a cause of action in a municipal Section 1983 claim cannot survive a motion to dismiss. *See Cherry v. District of Columbia,* 330 F. Supp. 3d 225-26 (D.D.C. 2018) (Section 1983 claim dismissed where plaintiff failed to allege facts establishing a widespread practice of excessive force). *See also Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987); *Ekwem v. Fent,* 666 F. Supp. 2d 71,78-79 (D.D.C. 2009). Thus, the remaining

10

constitutional claims against the District should be dismissed. *See Bell v. District of Columbia*, 82 F. Supp. 3d 151 (D.D.C. 2015) (*passim)* (Section 1983 claims against District dismissed where plaintiff fails to allege in complaint sufficient facts to support municipal liability); *Singletary v. District of Columbia*, 766 F.3d 66, 73 (D.C. Cir. 2014) (District of Columbia cannot be liable for constitutional violations where plaintiff fails to demonstrate that a municipal policy was the "moving force" behind the constitutional violation).

**IV.     The Court Should Enter Judgment for the District on Plaintiffs' Common Law Claims.**

The District is entitled to judgment as a matter of law on Plaintiff's common law claims because Plaintiff failed to timely provide notice of her claims as required by D.C. Code § 12-309. The statute provides:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

D.C. Code § 12-309. The requirements of this provision are not mere technicalities. Rather, because § 12-309 departs from the common law norm of sovereign immunity by allowing suits against the District, the provision's notice requirements are a mandatory prerequisite to suing the District. *See District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995); *Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981); *Pitts v. District of Columbia,* 391 A.2d 803, 807 (D.C. 1971). The notice requirements must be construed narrowly against claimants, *Dunmore*, 662 A.2d at 1359, even where a harsh result may occur. *Hill v. District of Columbia*, 345 A.2d 867, 869 (D.C. 1975); *District of Columbia v. Arnold & Porter*, 756 A.2d 427, 436

11

(D.C. 2000); *Campbell v. District of Columbia*, 568 A.2d 1076, 1078 (D.C. 1990) (explaining that § 12-309 must be construed in favor of the sovereign– against the waiver of immunity).

Plaintiff claims to have been injured on January 6, 2022. The District of Columbia Office of Risk Management has not received notice of Plaintiff's claims. Declaration of Lana Craven at ¶ 5, attached as Exhibit B. Under the statute, the Mayor must receive notice of any potential claims against the District within six months of the date of the injury. As a result, because Plaintiffs failed to comply with the mandatory notice requirements of D.C. Code § 12-309, the District is entitled to judgment as to Plaintiffs' common law claims.

## CONCLUSION

For these reasons, all federal, and common law claims against Chief Conte should be Dismissed, the federal claims against the District should be dismissed, and the District should be granted summary judgment as to Plaintiff's common law claims.

Date:  July 6, 2022,                    Respectfully submitted,

                                        KARL A. RACINE
                                        Attorney General for the District of Columbia

                                        CHAD COPELAND
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        */s/ Alicia M. Cullen/cc*
                                        ALICIA M. CULLEN [1015227]
                                        Chief, Civil Litigation Division, Section III

                                        */s/ James A. Wiley*
                                        ROBERT A. DEBERARDINIS, JR. [335976]
                                        Senior Assistant Attorney General
                                        JAMES A. WILEY[1]
                                        Assistant Attorney General

---

[1]  Admitted to practice only in the State of California. Practicing in the District of Columbia under the direct supervision of Alicia Cullen, a member of the D.C. Bar, under D.C. Court of Appeals Rule 49(c)(4).

Civil Litigation Division
400 6th Street NW
Washington, D.C. 20001
Phone: 202-724-6642; 202-724-6511
Fax: 202-741-8895
Email: robert.deberardinis@dc.gov;
jim.wiley@dc.gov

*Counsel for Defendants District of Columbia and Robert J. Contee III*