IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTORIA CHARITY WHITE,
                       Plaintiff,

      v.                                        C.A. No. 22-cv-00027 (TSC)

ROBERT J. CONTEE III, *et al.*,

                       Defendants.

## PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 41(a)(2) TO DISMISS HER COMPLAINT WITHOUT PREJUDICE

      Plaintiff, through her undersigned counsel, respectfully moves this Court to dismiss her complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).  Defendants Chief Contee and the District of Columbia, through their counsel, refused Plaintiff's counsel's request to stipulate to such voluntary dismissal without court order under Fed. R. Civ. P. 41(a)(1)(A)(ii) unless it was with prejudice.  Therefore, Plaintiff has found it necessary to file the instant motion requesting a court order dismissing her Complaint without prejudice under Rule 41(a)(2).  In support of this request, Plaintiff states as follows:

### BACKGROUND

1. Plaintiff filed the instant action on January 5, 2022, against Defendants Robert J. Contee III, ("Chief Contee") seven John Doe D.C. Police Officers, and the District of Columbia ("District") for injuries she sustained by being brutally and continuously beaten over the head with a metal police baton and punched in the face by Officer John Doe 1 and assaulted by other officers on January 6, 2021, in the West Tunnel entrance of the Capitol Building, where, unarmed, she was surrounded by some 30-40 officers packed in the

tunnel and not allowed to exit. (See ECF No. 1, pp.6-9).  Her beating was captured on video as well as her exhortation to protestors just outside the tunnel not to break the windows to the Capitol Building or breach the building.

2. Plaintiff alleged twelve causes of action for violating her constitutional rights under Section 1983 and asserting common law claims.  See Compl. pp. 10-19.

3. On April 29, 2022, this Court issued a Minute Order to Show Cause by May 6, 2022 "why this action should not be dismissed for failure to prosecute" under Fed. R. Civ. P. 4(m)for failure to effectuate service on the defendants.

4. Fed. R. Civ. P. 4(m) provides in pertinent part that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—**must dismiss the action without prejudice** against that defendant or order that service is made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  (Emphasis added).

5. Subsequently, Plaintiff was able to serve Defendants Chief Contee (now disputed) and the District of Columbia, but have not been able to serve the John Doe defendants due to difficulty identifying them.

6. Plaintiff consented to a request by Defendants Chief Contee and District of Columbia for a one-week extension of time to file their response to Plaintiff's Complaint until July 6, 2022.

7. On July 6, the Defendants filed a Motion to Dismiss and a Partial Motion for Summary Judgment. (ECF No. 14).  In sum, they argue that Chief Contee was not properly served, that the allegations are not sufficient to make out a claim against the District of Columbia to override sovereign immunity, that alternatively, partial summary judgment is

warranted since timely notice was not given to the District of Plaintiff's claim within 6 months of her injuries, and concluded that "all federal, and common law claims against Chief Conte [sic] should be Dismissed, the federal claims against the District should be dismissed, and the District should be granted summary judgment as to Plaintiff's common law claims."  Def. Mem. at 12.

## ARGUMENT

8.	Plaintiff is currently preparing for her criminal trial in the related case, *USA v. White*, No. 1:21-cr-00563-JDB-1, where she is charged, *inter alia*, for unlawfully entering the Capitol Grounds.  Plaintiff does not have the time or resources to spend on her civil case until her criminal trial is resolved, and expressed those concerns to the Defendants in seeking a stipulation for dismissal without prejudice.

9.	Defendants counsel refused to so stipulate and insisted that any stipulation for dismissal be with prejudice, even though they were unable to identify any prejudice to Defendants if the complaint were dismissed without prejudice.

10.	Depending on the outcome of her criminal proceeding, Plaintiff may decide not to refile her complaint, or, if she does, to amend it to cure the pleading deficiencies alleged by the Defendants.

11.	Fed. R. Civ. P. 41(a)(1) allows a plaintiff to dismiss her complaint without prejudice voluntarily without Court order by simple notice if no Answer has been filed by the Defendants, or, by stipulation of the parties if a motion of summary judgment has been filed.  Defendants have not filed an Answer but instead filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(5) (failure to serve a party) and 12(b)(6) (failure to state a claim).

12. While Plaintiff would have been entitled to dismiss her Complaint without prejudice by simple notice, the Defendant's alternative Motion for Partial Summary Judgment requires that the parties stipulate to such dismissal under Rule 41(a)(1)(A)(ii). As noted, the Defendants refused to stipulate to such dismissal without prejudice, thereby requiring Plaintiff to invoke Fed. R. Civ. P. 41(a)(2) providing for a voluntary dismissal by Court order.

13. Rule 41(a)(2) provides in relevant part:

> If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

14. Defendants have not pleaded a counterclaim.

15. In their Motion to Dismiss, Defendants cite "*Bell v. District of Columbia*, 82 F. Supp. 3d 151 (D.D.C. 2015) (*passim*) (Section 1983 claims against District dismissed where plaintiff fails to allege in complaint sufficient facts to support municipal liability)." Def. Mem. at 11. Yet, in that case, the Court granted the District's motion and dismissed the relevant count "**without prejudice.**" *Id.* at 159 (emphasis added).

16. Plaintiff submits that an Order dismissing her complaint against all Defendants without prejudice, including those not yet served, is in the interests of justice, will conserve scarce judicial resources and those of the parties, and will not prejudice the District or Chief Contee. If any refiled case does not cure the deficiencies alleged in their Motion to Dismiss, the Defendants can simply refile their motion.

\*   \*   \*

**WHEREFORE**, for the foregoing reasons, and the record herein, Plaintiff respectfully requests that this Court issue an order dismissing her complaint against all Defendants without prejudice.

Respectfully submitted,

*/s/ Paul D. Kamenar*
Paul D. Kamenar, D.C. Bar #914200
1629 K Street, N.W.; Suite 300
Washington, DC  20006
(301) 257-9435
Paul.kamenar@gmail.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2022, I caused the foregoing document and Proposed Order to be filed via the CM/ECF system for the U.S. District Court for the District of Columbia, which I understand caused a copy to be served on all registered parties.

Respectfully submitted,

*/s/ Paul D. Kamenar*