**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

VICTORIA CHARITY WHITE,

                                    Plaintiff,

            v.                                                          C.A. No. 22-cv-00027 (TSC)

ROBERT J. CONTEE III, *et al.*,

                                    Defendants.

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO DISMISS HER COMPLAINT WITHOUT PREJUDICE**

        Plaintiff hereby files her reply through undersigned counsel to Defendants Contee and

District of Columbia's Opposition to her Motion to Dismiss her complaint.  As Defendants note,

"A court applying Rule 41(a)(2) must consider (1) whether the plaintiff seeks the motion for

voluntary dismissal in good faith, and (2) whether the dismissal would cause the defendant

"'legal prejudice.'" *Mittakarin v. InfoTran Sys., Inc*., 279 F.R.D. 38, 41 (D.D.C. 2012) (citing *In

re Vitamins Antitrust Litig.*, 198F.R.D. 296, 304 (D.D.C. 2000). Def. Opp. at 2.  Plaintiff's

motion to dismiss satisfies both these factors and thus, her motion to dismiss should be granted.

**I. Plaintiff's Motion is Made in Good Faith.**

    Defendants argue that Plaintiff's request for dismissal is made in bad faith because of her

delay in serving the Defendants.  Def. Opp. at 2.  Not so.  Plaintiff responded in good faith to the

Court's show cause order on April 29, 2022 (ECF 5) on May 6, 2022 (ECF 8) explaining the

reasons for delay in serving the John Doe Defendants, principally because of counsel's inability

to confirm their identity, particularly that of Officer John Doe #1 (the principal defendant who

repeatedly struck and bloodied a defenseless and unarmed Plaintiff about her head and shoulders

with his metal baton, which was caught on videotape), after requesting his name from the

Defendants and getting no response.  The Court's order extending the time to serve the

Defendants implicitly recognizes that those reasons for the delay were justified and not made in

bad faith.   And if the reasons for the delay in serving the Defendants had been found wanting,

the Court would have dismissed the case without prejudice, which is the relief the Plaintiff is

requesting in the instant motion.

Plaintiff's additional reasons for dismissing the case because she lacks the time and resources

to pursue this case while she needs to focus on defending herself in her upcoming criminal trial

is not made in bad faith as Defendants allege. Thus, Defendants are wrong when they state that

Plaintiff "simply provides no justification for how her criminal trial, which was ongoing before

she filed this civil suit, impedes her ability to prosecute this case."  Def. Opp. at 4.  Moreover,

her criminal trial was not "ongoing" before she filed her civil suit, but is scheduled to begin in

January 2023; and now, she is in the midst of preparing for that trial.

Defendants further argue that their motions to dismiss only require her lawyer to respond

(Def. Opp. at 3), yet any discovery propounded against the Plaintiff if those motions are denied

would require Plaintiff's time and expense, and her responses to discovery including any

deposition could prejudice her upcoming criminal trial.  When this additional reason was

proffered to counsel for the Defendants in her initial request for a joint stipulation of dismissal

under Rule 41(a)(1)(A)(ii), Defendants' counsel responded that the Plaintiff could file a motion

to stay this case until after the criminal trial.  While that may be an option, rather than risk a

denial of such a motion to stay, Plaintiff submits that her motion to dismiss the entire action

against all defendants without prejudice would be a more appropriate disposition of the case that

would further avoid expenditure of judicial and parties' resources in litigating both any motion to stay and subsequent proceedings should such a motion be denied.

Plaintiff initially filed her complaint on January 5, 2022, to preserve any common law claims that require a one-year statute of limitations, but since the gravamen of those claims are also brought under Section 1983, which has a three-year statute of limitations in the District of Columbia, she is willing to have her complaint dismissed without prejudice and retain the ability to refile her Section 1983 claims depending on the disposition of her criminal trial and/or preserve her right to allege any claims requiring a one-year statute of limitations on the basis that the statute may have been tolled while she was on pretrial release.

In short, Plaintiff's motion to dismiss her complaint is made in good faith.

## II. Dismissal Would Not Cause Defendant Legal Prejudice

As Defendants note, "A court must consider the following factors to determine whether a plaintiff suffers legal prejudice by a voluntary dismissal: "(1) the defendants' effort and expense in preparation for trial; (2) excessive delay or lack of diligence on the plaintiffs' part in prosecuting the action; (3) the adequacy of the plaintiffs' explanation for voluntary dismissal; and (4) the stage of the litigation at the time the motion to dismiss is made." *Id*. (citation omitted). Def. Opp. at 2.  In considering these factors, they are not dispositive but are to be considered in weighing them against Plaintiff's good faith reasons for requesting a dismissal.

*First*, as for "defendants' effort and expense in preparation for trial," this case is in its earliest stages where no expenses for discovery and trial preparation have been made.  The motions by Defendants to dismiss or in the alternative, for summary judgment, admittedly required some "effort and expense" but not in "preparation for trial" but rather to avoid the time and expense to prepare for a trial.  Moreover, the motions raise boilerplate defenses, and cite

3

"*Bell v. District of Columbia*, 82 F. Supp. 3d 151 (D.D.C. 2015) (*passim)* (Section 1983 claims against District dismissed where plaintiff fails to allege in complaint sufficient facts to support municipal liability)." Def. Mem. at 11 (ECF 14).   Yet, in that case, the Court granted the District's motion and dismissed the relevant count "**without prejudice.**" *Id.* at 159 (emphasis added).  Finally, their motions can be easily refiled if and when Plaintiff refiles her case after her criminal trial in January, which would not "take years" as Defendants suggest, but a few days. Def. Opp. at 4.   In short, the Defendants will suffer little if any legal prejudice.

*Second*, as for "excessive delay or lack of diligence" in prosecuting the action and the related third factor of the "adequacy of the plaintiffs' explanation for voluntary dismissal," Plaintiff submits that her previously stated reasons why the motion was made in good faith satisfy these two factors.

*Third,* as for the "stage of litigation at the time the motion is made," this case is in its earliest stages, the John Doe defendants have not been served, no discovery has been conducted and no trial date has been set. True, the District Defendants have filed their dispositive motions, but such filings do not preclude denying any motion to dismiss without prejudice but rather they must be weighed with the other factors.[1]  Plaintiff submits that in weighing all the factors, her motion to dismiss should be granted.

---

[1] Alternatively, this Court should grant Plaintiff's motion to dismiss without prejudice with respect to the John Doe defendants who have not been served and otherwise subject to voluntary dismissal by simple notice pursuant to Rule 41(a)(1)(A)(1). *Cf.  Phillips USA, Inc. v. Allflex USA, Inc.,* 77 F.3d 354, 361, n2 (1996) (**"**The district court granted Phillips USA's motion to dismiss without prejudice as to the other defendants").

**WHEREFORE**, for the foregoing reasons, and the record herein, Plaintiff respectfully requests that this Court issue an order dismissing her complaint against all Defendants without prejudice.

Respectfully submitted,

*/s/ Paul D. Kamenar*
Paul D. Kamenar, D.C. Bar #914200
1629 K Street, N.W.; Suite 300
Washington, DC  20006
(301) 257-9435
Paul.kamenar@gmail.com

*Attorney for Plaintiff*


### CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2022, I caused the foregoing document to be filed via the CM/ECF system for the U.S. District Court for the District of Columbia, which I understand caused a copy to be served on all registered parties.

Respectfully submitted,

*/s/ Paul D. Kamenar*