UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTORIA CHARITY WHITE**,<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT J. CONTEE, III**, *Chief of the Metropolitan Police Department*, et al.,<br><br>Defendants. | Civil Action No. 22-cv-0027 (TSC) |

## MEMORANDUM OPINION

Plaintiff Victoria Charity White has sued Defendants District of Columbia; Robert J. Contee, III, Chief of the Metropolitan Police Department ("MPD"); MPD Officer John Doe 1; and MPD Officers John Does 2-7. Compl., ECF No. 1. White brings claims against all Defendants for (1) violation of her Fourth, Fifth, and Fourteenth Amendment and Due Process Rights, (2) excessive force in violation of her Fourth Amendment rights under 42 U.S.C. § 1983, (3) retaliation in violation of the Fifth Amendment under 42 U.S.C. § 1983, (4) violation of her Fifth Amendment rights under 42 U.S.C. § 1983, and (5) deliberately indifferent policies, practices, customs, training, and supervision in violation of the Fourteenth and First Amendments and in violation of 42 U.S.C. § 1981. *Id*. ¶¶ 47-93, 109. White also sues Defendant Officers John Doe 1 and John Does 2-7 for common law claims including (6) battery, (7) excessive force, (8) assault, (9) false imprisonment, (10) false arrest, (11) intentional infliction of emotional distress, and (12) negligent infliction of emotional distress. *Id*. ¶¶ 94-108.

## I.  BACKGROUND

White's claims arise from the events of January 6, 2021 at the United States Capitol building. Compl. ¶ 1. She alleges that while she was "exercising her First Amendment rights" at the Capitol, MPD officers beat her with a baton, and hit, punched, and prevented her from leaving. *Id*. ¶¶ 17-18, 35-36, 39.

Defendants have moved to dismiss under Federal Rules of Civil Procedure 12(b)(5), for insufficient service of process, and 12(b)(6), for failure to state a claim. Defendants' Motion to Dismiss at 1, ECF No. 14. Defendants argue that Chief Contee was not served with the Complaint, that Chief Contee is not liable for the conduct of his subordinates under the doctrine of *respondeat superior*, that White failed to properly allege a § 1981 claim against the District, and that White's § 1983 claims against the District fail for various reasons. Defendants' Memorandum in Support of Motion to Dismiss at 5-11, ECF No. 14-2. In the alternative, Defendants move for partial summary judgment, asserting that White failed to timely provide the District with notice of her common law claims—a statutory requirement for waiver of the District's sovereign immunity as to those claims. *Id*. at 1, 11; *see* D.C. Code § 12-309. In response, White has moved to dismiss *without* prejudice, claiming she needs more time and resources to prepare for her criminal trial for offenses related to her actions at the Capitol on January 6. Plaintiff's Motion to Dismiss at 3, ECF No. 15 ("Pl.'s Mot. to Dismiss"). Defendants oppose White's motion, arguing that any dismissal should be with prejudice. Defendants' Opposition to Plaintiff's Motion to Dismiss, ECF No. 17 ("Defs.' Opp.").

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(a)(1), a plaintiff may voluntary dismiss their action without a court order (A) when the plaintiff has filed the motion before the opposing party serves an answer or a motion for summary judgment, or (B) if all parties sign a stipulation of

dismissal. If neither of these circumstances apply, a party may seek dismissal under Rule 41(a)(2).

Under Rule 41(a)(2), actions are dismissed by court order "without prejudice" unless the order states otherwise. Courts granting dismissal without prejudice under Rule 41(a)(2) must evaluate: "(1) whether plaintiffs' motion for voluntary dismissal was sought in good faith; and (2) whether the defendants would suffer legal prejudice from a dismissal at this stage in the litigation." *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000) (cleaned up); *Conafay by Conafay v. Wyeth Lab'ys, a Div. of Am. Home Prod. Corp.*, 793 F.2d 350, 353 (D.C. Cir. 1986) (holding that federal courts typically grant voluntary dismissals when they are sought in good faith, "unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical advantage"). "Legal prejudice is determined by considering four factors: (1) the defendants' effort and expense in preparation for trial; (2) excessive delay or lack of diligence on the plaintiffs' part in prosecuting the action; (3) the adequacy of the plaintiffs' explanation for voluntary dismissal; and (4) the stage of the litigation at the time the motion to dismiss is made." *In re Fed. Nat'l Mortg. Ass'n Sec., Derivative, ERISA Litig.*, 725 F.Supp.2d 169, 176 (D.D.C. 2010), *rev'd and remanded on other grounds sub nom*. *Kellmer v. Raines*, 674 F.3d 848 (D.C. Cir. 2012) (internal citation and quotation marks omitted).

### III.     ANALYSIS

Here, neither of Rule 41(a)(1)'s conditions are met. The parties have not stipulated to a dismissal. And while Defendants have not filed an answer, their motion to dismiss sought summary judgment in the alternative, which qualifies as a "motion for summary judgment" for purposes of Rule 41(a)(1). *See, e.g.*, *Johnson v. Wynne*, 239 F.R.D. 283, 286 (D.D.C. 2006); *Robinson v. England*, 216 F.R.D. 17, 18 (D.D.C. 2003). Because Defendants' motion preceded

White's, her voluntary dismissal can only be granted via court order—as White herself concedes. *See* Pl.'s Mot. to Dismiss at 4.

Such an order is warranted here. Defendants do not dispute that White seeks voluntary dismissal in good faith. Nor is there any indication that dismissal would prejudice Defendants under any of the four relevant factors: (1) Defendants' preparations for trial, (2) excessive delay or lack of diligence, (3) inadequacy of explanation, or (4) the stage of the litigation. *See In re Fed. Nat'l Mortg. Ass'n Sec., Derivative, ERISA Litig.*, 725 F.Supp.2d at 176. The first and fourth factors concern the expenses or efforts incurred by the parties preceding a voluntary dismissal. White's dismissal comes at the pleadings stage. "No discovery has been completed." *Mittakarin v. InfoTran Sys., Inc.*, 279 F.R.D. 38, 41 (D.D.C. 2012). Defendants allege no "effort[s] [nor] expense[s] in preparation for trial." *In re Fed. Nat'l Mortg. Ass'n Sec., Derivative, ERISA Litig.*, 725 F.Supp.2d at 176. As a result, both the first and fourth factors reveal no prejudice to Defendants.

With respect to the second factor, White has not caused excessive delay or lacked diligence in bringing this action—nor do Defendants so argue. Although White initially failed to timely serve all Defendants, even when a plaintiff's conduct is "far from praiseworthy," the question is whether the plaintiff has engaged in "*excessive* delay and lack of diligence in prosecuting th[e] action as a whole." *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 38 (D.D.C. 2004) (citation omitted) (emphasis in original). Here, White's initial failure does not rise to that level, so there is no significant prejudice under this factor.

Finally, as to the third factor, White offers an adequate explanation for her voluntary dismissal, asserting that because she is preparing for her criminal trial, she does not have the "time or resources to spend on her civil case." Pl.'s Mot. to Dismiss at 3. Citing the costs of

litigation may be an adequate explanation for voluntary dismissal. *See, e.g.*, *Queen v. Schmidt*, No. CV 10-2017, 2016 WL 2757359, at *2 (D.D.C. May 12, 2016) (finding adequate the explanation that "[t]he cost of litigating in the federal forum is higher" than in the state forum). Defendants give no reason to doubt it is adequate here.

Finding neither bad faith from White nor prejudice to Defendants, the court concludes that voluntary dismissal—without prejudice—is appropriate.

## IV.   CONCLUSION

The court will therefore GRANT White's Motion to Dismiss, ECF No. 15, without prejudice, and DENY Defendant's Motion to Dismiss, ECF No. 14, as moot.

Date: November 1, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge